C. Brooks Cutter, SBN 121407
Ian Hunter, SBN 261771
KERSHAW, CUTTER & RATINOFF, LLP
401 Watt Avenue
Sacramento, CA 95864
Telephone: 916-448-9800
Facsimile: 916-669-4499
Email: bcutter@kcrlegal.com
Email: ihunter@kcrlegal.com

Jeffrey A. Klafter
Seth R. Lesser
Fran L. Rudich
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone: 914-934-9200
Facsimile: 914-934-9221
Email: jak@klafterolsen.com
Email: slesser@klafterolsen.com
Email: frudich@klafterolsen.com

Attorneys for Plaintiff
CATHERINE WILKIE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE WILKIE, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> GENTIVA HEALTH SERVICES, INC., <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF** <br><br> **COLLECTIVE ACTION AND CLASS ACTION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Catherine Wilkie individually and on behalf of all other similarly situated employees (hereinafter collectively referred to as ("Plaintiff" or "Named Plaintiff"), brings this lawsuit against Defendant, Gentiva Health Services, Inc. ("Defendant") seeking to recover for

-1-

COMPLAINT

Defendant's violations of the Fair Labor Standards Act (hereinafter "FLSA") and California state wage and hour laws.

## INTRODUCTION

1. This action is brought by Plaintiff on behalf of herself and all clinical associates, including but not limited to registered nurse case managers and other exempt employees of Defendant, holding different titles but performing similar duties and responsibilities within the United States. Gentiva pays the Plaintiff and those similarly situated exempt employees pursuant to a mixed per visit and hourly compensation scheme. By compensating these employees in such manner, Defendant fails to pay the Plaintiff and those similarly situated employees for all hours worked, as well as overtime pay at a rate of time and one half for all hours worked in a workweek over 40.

## NATURE OF THE ACTION

2. Plaintiff alleges on behalf of herself and other current and former clinical associates, including but not limited to registered nurse case managers and similarly situated current and former employees holding comparable positions with different titles, who were employed by Defendant in the United States, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b) (the "Collective Action Class"), that they are: (i) entitled to unpaid wages for all hours worked and overtime pay in the amount of time and one half of their regular rate of pay for hours over 40 they worked in a workweek; and, (ii) entitled to liquidated damages pursuant to the FLSA.

4. Plaintiff also brings this action on behalf of all persons who were, are, or will be employed by Defendant in California, as clinical associates, including but not limited to registered nurse case managers and similarly situated employees holding comparable positions with different titles (the "California Class"), at any time within the four years prior to the date of

the filing of this complaint through the date of the final disposition of the action (the "California Class Period"), and who were not, are not, or will not, be paid for all hours worked by them, as well as for overtime pay in the amount of time and one half of their regular rate of pay for hours over 40 they worked in a workweek pursuant to the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. and the California Labor Code and related regulations, cal. Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5 and 1194, Cal. Wage Order No. 4.

## JURISDICTION AND VENUE

6. The Court has federal question jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. The Court has original jurisdiction over the California class claim under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100 or more members in the proposed class; (2) at least some of the members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

8. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's California wage claims because those claims derive from a common nucleus of operative facts as the FLSA claim.

9. This Court has personal jurisdiction over Defendant because it is doing business in California and in this district and because many of the acts complained of have occurred in this state and this District and gave rise to the claims alleged.

10. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

13. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

14. Plaintiff Catherine Wilkie was, at all relevant times, an adult individual, residing in Loomis, California. Plaintiff's consent has been attached hereto as Exhibit A.

15. Plaintiff was employed by Defendant from in or about June 2008 through in or about August 2009 as a registered nurse case manger in Defendant's office located at 2281 Lava Ridge Court, Roseville, CA 95661-2805.

16. Upon information and belief, Defendant Gentiva Health Services, Inc., is a Delaware corporation, with its principal place of business at 3350 Riverwood Parkway, Atlanta, GA 30339. According to its website, Gentiva provides home healthcare services to over 350,000 patients from more than 350 community locations nationwide. See, http://www.gentiva.com/about/index.php. The practices described herein were performed in Gentiva's offices in Roseville, California.

17. Defendant has maintained a uniform common policy and practice of, *inter alia*: (1) not paying Plaintiff and clinical associates including but not limited to registered nurse case managers and employees holding comparable positions with different titles, for all hours worked; (2) not paying Plaintiff and other clinical associates, including but not limited to registered nurse case managers and similarly situated employees holding proper overtime wages under the FLSA; and, (3) not paying Plaintiff and other clinical associates, including but not limited to registered nurse case managers and employees holding comparable positions with different titles, for all hours worked and proper overtime wages under California state wage laws.

## COLLECTIVE ACTION ALLEGATIONS

18. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant in the United States at any time since June 11, 2007 to the entry of judgment in this case (the

"Collective Action Period"), as clinical associates, including but not limited to registered nurse case managers, and similarly situated employees holding comparable positions with different titles, who did not receive compensation for all hours worked and did not receive at proper overtime wages (the "Collective Action Members").

19. This Collective Action Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number is dependent are presently within the sole control of the Defendant, upon information and belief, there are at least 250 members of the Collective Action class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

20. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of wage and hour law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

21. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

22. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and the Collective Action Members are:

    a. whether the Defendant employed the Collective Action Members within the meaning of the FLSA;

    b. whether the Defendant misclassified the Collective Action Members as exempt under the FLSA;

    c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d. whether Defendant failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where the Collective Action members were employed, in violation of 29 C.F.R. § 516.4;

    e. whether Defendant failed to pay the Collective Action Members for all hours they worked, in violation of the FLSA and the regulations promulgated thereunder;

    f. whether Defendant failed to pay the Collective Action Members proper overtime wages, in violation of the FLSA and the regulations promulgated thereunder;

    g. whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

    h. whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees.

23. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

///

-6-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## CLASS ACTION ALLEGATIONS

24. The Plaintiff brings her claims for relief for violation of California's wage and hour laws as a class action, pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), on behalf of all California Class members, defined in paragraph 4.

25. The California Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the California Class Period, Defendant has employed at least 100 persons who satisfy the definition of the California Class.

26. Common questions of law and fact exist as to members of the California Class, including but not limited, to:

   a. Whether the Defendant unlawfully failed to pay the California Class members for all hours they actually worked;

   b. Whether the Defendant unlawfully failed to pay overtime compensation in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*., and the California Labor Code and related regulations, Cal. Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5 and 1194, Cal. Wage Order No. 4.

   c. Whether the Named Plaintiff and the California Class members are non-exempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

   d. Whether Defendant's policy and practice of classifying the California Class members as exempt from overtime entitlement under California law and Defendant's policy and practice of failing to pay overtime to the California Class

      members violate applicable provisions of California law, including statutory and regulatory authority;

  e.  Whether Defendants failed to keep and furnish California Class members with records of hours worked, in violation of Labor Law §§ 226 and 1174:

  f.  Whether Defendant's policy and practice of failing to pay its employees all wages due within the time required by law after their employment ended violates California law;

  g.  The proper measure of damages sustained and the proper measure of restitution recoverable by members of the California Class.

27.    The Plaintiff's claims are typical of the California Class members' claims. The Plaintiff, like other California Class members, was subjected to Defendant's policy and practice of refusing to pay overtime in violation of California law. The Plaintiff's job duties were typical of those of other California Class members.

28.    The Plaintiff will fairly and adequately represent and protect the interests of the California Class. The Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA and state labor and employment litigation.

29.    Class certification of the Second, Third, Fourth and Fifth Claims for relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the California Class, making appropriate declaratory and injunctive relief with respect to the Plaintiff and the California Class as a whole. The Plaintiff and the California Class are entitled to injunctive relief to end Defendant's common and uniform practice of failing to properly compensate its employees for all overtime work performed for its benefit.

30. Class certification of the Second, Third, Fourth and Fifth Claims for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the California Class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices unlawfully treat members of the California Class as exempt from overtime pay requirements. The damages suffered by individual California Class members are small compared to the expense and burden of individual prosecution of these claims. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

31. Plaintiff intends to send notice to all members of the California Class to the extent required by Rule 23.

## STATEMENT OF FACTS

32. According to its 8-K Annual Report (the "2010 Annual Report") that was filed with the Securities and Exchange Commission on March 17, 2010, Defendant is a leading provider of home health services throughout most of the United States. The Defendant's 2010 Annual Report further states that in fiscal 2009, it employed an average of approximately 5,200 clinical associates on a weekly basis in the Company's home health and hospice businesses, and an average of approximately 6500 in fiscal 2008.

33. Starting in or about June 2008 and continuing until in or about August 2009, Plaintiff was employed by Defendant as a clinical associate; namely, as an RN case manager.

34. Plaintiff's work was performed for the benefit of the Defendant, in the normal course of the Defendant's business and was integrated into the business of the Defendant.

35. Beginning in or about late 2008, and continuing, Defendant paid Plaintiff and other Collective Action Members and the California Class pursuant to a combination compensation plan whereby they were on an hourly basis for any work performed when not actually visiting patients at their place of residence and a flat fee when visiting patients.

36. Plaintiff and other Collective Action Members and the California Class, often worked in excess of 8 hours in a day and 40 hours a week, yet the Defendant willfully failed to pay her overtime compensation of one and one-half times her regular rate of pay in violation of the FLSA and applicable California state law and regulations. Upon information and belief, it is Defendant's uniform policy and procedure not to pay all similarly situated employees overtime compensation.

37. The Defendant's combination compensation plan is inconsistent with a salary basis of compensation and therefore, the Plaintiff and other members of the Collective Action and California Class should have been paid overtime wages for all hours they worked over 40 in a workweek.

38. Throughout the relevant time period, the Plaintiff and other members of the Collective Action and the California Class were not paid overtime wages for any hours over 40 they worked in a workweek.

39. Upon information and belief, throughout all relevant time periods, while Defendant employed Plaintiff and the Collective Action Members, Defendant failed to maintain accurate and sufficient time records.

40. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendant employed Plaintiff and the Collective Action Members, Defendant failed to post or, keep posted, a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

41. Plaintiff, on behalf of herself and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 40 as if they were set forth again herein.

42. At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43. At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

44. Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

45. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

46. The FLSA required each covered employer, such as Defendant, to compensate all employees at a rate of not less than minimum wage for work performed.

47. The members of the Collective Action are entitled to be paid overtime compensation for all overtime hours worked.

48. At all relevant times, Defendant, pursuant to its policies and practices, failed and refused to pay overtime premiums to the Collective Action Members for their hours worked in excess of forty hours per week.

49. By failing to compensate the Plaintiff and the Collective Action Members at a rate not less than one and one-half the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 201(a)(1) and § 215(a).

50. As a result of Defendant's failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

51. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

52. Due to Defendant's FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from Defendant damages in the amount of their respective unpaid overtime compensation, an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA and for its unreasonably delayed payment of wages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF: VIOLATIONS OF CALIFORNIA LABOR CODE §§ 510, 1194

53. The Plaintiff, on behalf of herself and the California Class, realleges and incorporates by reference paragraphs 1 through 40 as if they were set forth again herein

54. California Law requires an employer, such as Defendant, to pay overtime compensation to all non-exempt employees for all hours worked over 40 per week, or over eight per day.

55. The Plaintiff and the California Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

56. Throughout the class period, and continuing though the present, the Plaintiff and the California Class members worked in excess of eight hours in a workday and/or 40 hours in a workweek.

57. Due to the hybrid nature of their compensation, during the California Class Period, Defendant misclassified the Plaintiff and the members of the California Class as exempt from overtime pay entitlement and failed and refused to pay them overtime premium pay for their overtime hours worked.

58. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the Plaintiff and the California Class Members have sustained damages, including loss if earnings for hours of overtime worked on behalf of Defendant in an amount to be established at trial, prejudgment interest and costs and attorneys' fees, pursuant to statute and other applicable law.

**THIRD CLAIM FOR RELIEF:**
**VIOLATION OF CALIFORNIA LABOR LAW §§ 201, 202 & 203**

59. The Plaintiff, on behalf of herself and all members of the California Class, realleges and incorporates by reference paragraphs 1 though 40 as if they were set forth again herein.

60. California Labor Code §§ 201 and 202 require Defendant to pay its employees all wages due within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of 30 days of wages.

61. The California Named Plaintiff and all California Class members who ceased employment with Defendant are entitled to unpaid compensation, but, to date, have not received such compensation.

62. More than 30 days have passed since the Plaintiff and certain California Class members left Defendant's employ.

63. As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, the Plaintiff and the California Class members whose employment ended during the class period are entitled to 30 days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF:**
**CALIFORNIA WAGE ORDER NO. 4:**
**CALIFORNIA LABOR CODE §§ 226, 1174 & 1174.5**

64. The Plaintiff, on behalf of herself and all members of the California Class, realleges and incorporates by reference paragraphs 1 through 40 as if they were set forth again herein.

65. Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, inter alia, hours worked, to the Plaintiff and California Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders. Such failure caused injury to the Plaintiff and the California Class members by, among other things, impeding them from knowing the amount of wages to which they are and were entitled. At all times relevant herein, Defendant failed to maintain records of hours worked by the Plaintiff and the California Class members as required under Labor Law § 1174(d).

66. The Plaintiff and the California Class members are entitled to and seek injunctive relief requiring Defendant to comply with Labor Code §§ 226(a) and 1174(d), and further seek the amount provided under Labor Code §§ 226(e) and 1174.5, including the greater amount of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period.

/ / /

/ / /

/ / /

**FIFTH CLAIM FOR RELIEF:
CALIFORNIA WAGE ORDER NO.4;
CALIFORNIA LABOR CODE §§ 218.5, 226.7 & 512**

67. The Plaintiff, on behalf of herself and all members of the California Class, realleges and incorporates by reference paragraphs 1 through 40 as if they were set forth again herein.

68. The Plaintiff and California Class members regularly work and have worked in excess of five hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty, as required by Labor Code §§ 226.7 and 512 and wage Order No 4-2001, §§ 11(a), 12.

69. On information and belief, Defendant regularly failed to authorize and permit the Plaintiff and California Class members to take rest periods as required by law.

70. As a result of Defendant's failure to afford proper meal periods and rest periods, it is liable to the Plaintiff and the California Class members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, and one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided pursuant to Labor Code § 226.7 and Wage Order No. 4-2001, §§ 11(b), 12.

**SIXTH CLAIM FOR RELIEF:
CALIFORNIA UNFAIR COMPETITION LAW, CALIFORNIA BUSINESS & PROFESSIONAL CODE § 17200, ET SEQ.**

71. The Plaintiff, on behalf of herself and all members of the California Class, realleges and incorporates by reference paragraphs 1 through 40 as if they were set forth again herein.

72. The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), cal. Bus. & Prof. Code § 17200, *et seq.* Section 17200 of the Cal. Bus. & Prof. Code

prohibits unfair competition by prohibiting, inter alia, any unlawful or unfair business acts or practices.

73. Beginning at a date unknown to Plaintiff, but at least as long ago as June 2008, Defendant committed, and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendant's conduct as herein alleged has injured the Plaintiff and the California Class by wrongfully denying them earned wages, and therefore was substantially injurious to the Plaintiff and to the California Class.

74. Defendant engaged in unfair competition in violation of the UCL by violating, inter alia, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

    a. California Labor Code § 1194;

    b. California Labor Code §§ 201, 202, 203 and 226; and

    c. California Labor § 1174.

75. Defendant's course of conduct, acts and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

76. The harm to the Plaintiff and the California Class in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendant's policies or practices and, therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

77. The unlawful and unfair business practices and acts of Defendant, described above, have injured the California Class members in that they were wrongfully denied the payment of earned wages.

78. The Plaintiff, on behalf of herself and California Class members, seeks attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and California Labor Code §§ 218, 218.5 and 1194.

79. The Plaintiff, on behalf of herself and the California Class, seeks restitution in the amount of the respective unpaid wages earned and due at a rate not less the applicable minimum wage, as well as the additional statutory amount provided by California Labor Code §§ 2698 and 2699 of $100 for each aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, and such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself and all other similarly situated Collective Action members, pray for relief as follows:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of a FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and her counsel to represent the Collective Action Members and tolling of the statue of limitations;

    b.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

    c.    An award of unpaid wages for all hours worked as well as overtime compensation due under the FLSA;

    d.    An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216;

    e.    An award of prejudgment and post-judgment interest;

    f.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    g.    Such other and further relief as this Court deems just and proper.

WHEREFORE, the Plaintiff on behalf of herself and all members of the California Class, prays for relief as follows:

    h.    Certification of this action as a class action on behalf of the proposed California Class;

    i.    Designation of the Plaintiff as Representative of the California Class and her counsel as class counsel;

    j.    A declaratory judgment that the practices complained of herein are unlawful under California state law;

    k.    Appropriate equitable and injunctive relief to remedy Defendant's violations of California law, including but not limited to an order enjoining Defendant from continuing its unlawful practices;

    l.    Appropriate statutory penalties under Cal. Lab. Code §§ 1194.2, 1197.1, 203, 226(e), 1174.5, 2698, and 2699;

    m.     An award of damages, liquidated damages and restitution to be paid by Defendant according to proof;

    n.     Restitution;

    o.     Pre-judgment and post-judgment interest, as provided by law;

    p.     Such other equitable and legal relief as the Court may deem just and proper; and

    q.     Attorneys' fees and costs of suit, including expert fees pursuant to Cal. Lab. Code and other applicable state laws.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: June 11, 2010                            Respectfully submitted,

By: /s/ C. Brooks Cutter
C. BROOKS CUTTER
KERSHAW, CUTTER & RATINOFF, LLP
401 Watt Avenue
Sacramento, CA 95864
Telephone: 916-448-9800
Facsimile: 916-669-4499

Attorneys for Plaintiff

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL