IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CATHERINE WILKIE, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GENTIVA HEALTH SERVICES, INC.,

Defendant.

2:10-cv-01451-GEB-GGH

ORDER PRELIMINARILY APPROVING SETTLEMENT

The Plaintiffs' proposed Order Preliminarily Approving Settlement, filed in the docket as ECF No. 69-2, is hereby approved and reproduced below.

WHEREAS, the Plaintiff and Defendant have entered into a Settlement Agreement intended to resolve the litigation against Defendant arising out of its alleged unlawful compensation practices for Clinical Associates ("CAs") who are or were paid pursuant to Defendant's Pay Per Visit Program; and

WHEREAS, the Settlement Agreement, together with supporting materials, sets for the terms and conditions for a proposed settlement and dismissal with prejudice of this action against the Defendant; and

WHEREAS, the Court has before it Plaintiffs' Motion for Preliminary Approval of Settlement and supporting papers in support

thereof, together with the Settlement Agreement and supporting materials; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arms-length settlement negotiations between competent and experienced counsel for both Plaintiff and Defendant.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The terms of the parties' Settlement Agreement are hereby conditionally approved, subject to further consideration thereof at the Final Approval Hearing provided for below. The Court finds that the Settlement is sufficiently within the range of reasonableness and that notice of the proposed settlement should be given as provided in this Order.

2. The Court conditionally certifies the following Settlement Classes:

(a) Collective Action Class: Pursuant to 216(b), the Court conditionally certifies, for settlement purposes only, a class that includes all clinical associates who are or were employed by Gentiva either in California or at Gentiva's branch locations in Troy, Alabama (Branch No. 2431), Fort Walton Beach, Florida (Branch Nos. 2100 and 2101), Newnan, Georgia (Branch Nos. 2659 and 2655), or Hickory, North Carolina (Branch Nos. 2447 and 947); and paid pursuant to Gentiva's Pay Per Visit Program for work performed at any time between June 11, 2007, through the Date of Preliminary Approval, but not including any of the plaintiffs in *Rindfleisch, et al v. Gentiva Health Services, Inc.*, 1:10-cv-03288 (SCJ) (N.D. Ga.) ("*Rindfleisch*").

(b) State Settlement Class: Pursuant to Federal Rule of Civil Procedure 23, the Court conditionally certifies, for settlement purposes

only, a class that includes all clinical associates who are or were employed by Gentiva in California and paid pursuant to Gentiva's Pay Per Visit Program for work performed at any time between June 11, 2006 through the Date of Preliminary Approval, but not including any of the *Rindfleisch* Plaintiffs.

3. The Court further conditionally finds that Plaintiff Catherine Wilkie ("Representative Plaintiff" or "Settlement Class Representative") is an adequate class representative for the Settlement Classes.

4. The Court further conditionally finds that Plaintiff's Counsel are adequate to serve as Class Counsel and conditionally appoints the following as counsel for the Classes:

Seth R. Lesser
Fran L. Rudich
Michael J. Palitz
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York 10573

C. Brooks Cutter
KERSHAW, CUTTER & RATINOFF, LLP
401 Watt Avenue
Sacramento, California 95864

5. Any person who does not elect to be excluded from the Settlement Classes may, but need not, enter an appearance through his or her own attorney. Settlement Class members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

*Notice to Settlement Class and Appointment of Settlement Administrator*

6. The Court approves the forms of Notice attached as Exhibit C to Plaintiff's Motion for Preliminary Approval and the manner of notice set forth in Section 5 of the Settlement Agreement. Such Notice shall issue on or before the date fifteen (15) days from the date that

Defendant provides class member information to the Claims Administrator. Defendant shall provide class member information to the Claims administrator on or before the date thirty (30) days from the date of this Order.

7. The manner and forms of Notice set forth in Section 5 of the Settlement Agreement are hereby approved and the provisions thereof are hereby incorporated into this Order so that upon entry of this Order, the parties are directed to ensure that the notices are disseminated according to the terms of Section 5. Settlement Class members may request exclusion from the Settlement or file claim forms to participate in the settlement as described in the Settlement Agreement on or before the date forty five (45) days after mailing. Settlement Class members may object to the Settlement on or before the date thirty (30) after mailing. Prior to the Final Approval Hearing, Plaintiff and/or the Claims Administrator shall serve and file a sworn statement attesting to compliance with the provisions of this paragraph.

8. The Notice, in form and manner, to be provided as set forth in the Settlement Agreement is hereby found to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Fed R. Civ. P. 23, due process, the Constitution of the United States, the laws of California and all other applicable laws. The form of Notice is accurate, objective, informative and provides members of the Settlement Classes with all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

9. The parties and their respective counsel are authorized to retain Garden City Group, Inc., to serve as the Claims Administrator in accordance with the terms of the Settlement Agreement and this Order.

*Requests for Exclusion from the State Settlement Class*

10. Any member of the State Settlement Class who wishes to be excluded ("opt out") must send an Opt-out Statement for exclusion to the Claims Administrator, so that it is received by the Claims Administrator at the address indicated in the Notice on or before the date forty five (45) days after mailing of the Notices. If, however, the State Settlement Class member submits a timely Claim Form in addition to an Opt-out Statement, his or her opt out request will be void.

11. Members of the State Settlement Class may not exclude themselves by filing requests for exclusion as a group or class, but must in each instance individually and personally execute a request for exclusion and timely transmit it to the Claims Administrator.

12. Any member of the State Settlement Class who does not properly and timely request exclusion shall be bound by all the terms and provisions of the Settlement Agreement, whether or not such person objected to the Settlement and whether or not such person made a claim upon, or participated in, the settlement fund pursuant to the Settlement Agreement. All members of the State Settlement Class who do not personally and timely request to be excluded are enjoined from proceeding against the Defendant for the claims made in the Amended Complaint.

*Objections to Settlement*

13. Any person who does not elect to be excluded from the Settlement may, but need not, submit comments or objections to the proposed Settlement, entry of Final Order and Judgment approving the

settlement, or Settlement Class Counsel's application for fees and expenses by serving a written objection.

14. Any individual making the objection (an "Objector") must sign the objection personally. To object, Settlement Class members must file with the Court and serve on counsel for the Parties a written statement describing their reasons for objecting to the Settlement no later than 30 days after the date of the postmark of the notice sent by the Claims Administrator. No person shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any person shall be received or considered by the Court at the Final Approval Hearing, unless such written statement of objections and supporting materials are timely filed and served as set forth herein.

15. An objection must also state the Objector's full name, address, and the dates and position of the objector's employment with Defendant.

16. If an objector intends to appear personally at the Final Approval Hearing, the Objector must include with the objection a notice of the Objector's intent to appear at the hearing. If counsel is appearing on behalf of more than one Settlement Class member, counsel must identify each such Settlement Class member, and each Settlement Class member must have complied with the requirements of this Order.

*The Final Approval Hearing*

17. A hearing on Final Approval of the Settlement (the "Final Approval Hearing") is hereby scheduled to be held before this Court on March 25, 2013, commencing at 9:00 a.m., a date at least one hundred and fifty-five (155) days after this Order consistent with the terms of the

Settlement Agreement, to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the dismissal with prejudice of the Lawsuit with respect to Defendant herein, and the entry of final judgment in the Lawsuit.

18. Settlement Class Counsel's application for award of attorneys' fees and costs and the Settlement Class Representative's application for Incentive Award shall be heard at the time of the Final Approval Hearing. Any application for an award of attorneys' fees and costs and any application for Incentive Award shall be filed with the Court on or before the date twenty-one (21) days prior to the Final Approval Hearing.

19. The date and time of the Final Approval Hearing shall be set forth in the Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Classes other than that which may be posted by the Court.

20. Only Settlement Class members who have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class member who does not timely file and serve an objection in writing to the Settlement, entry of Final Judgment, or to Settlement Class Counsel's application for fees, costs, and expenses or to the award proposed for the Settlement Class Representative, in accordance with the procedure set forth in the Notice and mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

*Other Provisions*

20. Each and every time period and provision of the Settlement Agreement shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

21. All reasonable costs incurred in notifying members of the Settlement Classes, as well as administering the Settlement Agreement, shall be paid as set forth in the Settlement Agreement.

22. If the Settlement Agreement is terminated or not consummated for any reason whatsoever, the conditional certification of the Settlement Classes shall be void and the Defendant, pursuant to the terms of the Settlement Agreement, shall have reserved all of its rights to oppose any and all class certification motions, to contest the adequacy of Plaintiff as representative of the putative class, and to contest the adequacy of Plaintiff's counsel as adequate Class Counsel. Additionally, Plaintiff, pursuant to the terms of the Settlement Agreement, reserves all of her rights, including the right to continue with the litigation pending at the time of the settlement should the Settlement Agreement not be consummated. **IT IS SO ORDERED.**

Dated: October 5, 2012

GARLAND E. BURRELL, JR.
Senior United States District Judge