IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE WILKIE, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GENTIVA HEALTH SERVICES, INC.,<br><br>　　　　　Defendant.<br>_____ | 2:10-cv-01451-GEB-GGH<br><br>ORDER (1) FINALLY APPROVING CLASS AND COLLECTIVE ACTION SETTLEMENT; (2) FINALLY CERTIFYING SETTLEMENT CLASSES; (3) AWARDING ATTORNEY'S FEES, COSTS, AND EXPENSES; (4) AWARDING AN INCENTIVE PAYMENT TO THE REPRESENTATIVE PLAINTIFF; AND (5) DISMISSING THE CLAIMS WITH PREJUDICE |

The parties' proposed Order, filed on the docket as ECF No. 74-6, and amended at the hearing on March 25, 2013, is hereby approved and reproduced below.

The parties to the above-captioned civil action ("Action"), Plaintiff Catherine Wilkie, individually and on behalf of others similarly situated ("Representative Plaintiff") and Defendant Gentiva Health Services, Inc., on behalf of itself and its past, present, or future subsidiaries, parent companies, affiliates, divisions, corporation in common control, successors or assigns and all past or present officers, directors, shareholders, partners, agents, insurers, employees, attorneys, advisors, accountants, representatives, trustees, heirs, executors, administrators, predecessors, successors or assigns of

any of the foregoing entities (collectively "Gentiva"), have agreed, following notice to the proposed Settlement Classes, to settle the Action upon the terms and conditions set forth in the Settlement Agreement[1] ("Settlement"), which was filed with the Court in connection with the present motion by Representative Plaintiff for an Order Finally Approving Class and Collective Action Settlement, Finally Certifying Settlement Classes, Requesting an Award of Attorney's Fees, Costs, and Expenses to Plaintiff's Counsel, and Requesting an Incentive Award to the Representative Plaintiff.

On October 5, 2012, the Court entered its order Preliminarily Approving Settlement, Preliminarily Certifying Settlement Classes, Approving the Notice Plan and Setting a Fairness Hearing Date. The Court has received declarations attesting to the mailing of the Notice in accordance with the Order for Notice and Hearing. A hearing was held on March 25, 2013 ("Final Approval and Fairness Hearing") to: (i) determine whether to grant the Final Approval Motion; (ii) determine whether to grant the Fees and Expenses requested, and (iii) rule upon such other matters as the Court might deem appropriate.

Plaintiff's motion is unopposed by Gentiva and was submitted to this Court for review and approval on March 1, 2013. After considering Plaintiff's motion, the Settlement Agreement, the record and proceedings herein, and hearing from the parties and class members invited to attend the Final Approval and Fairness Hearing, the Court finds, concludes, and hereby orders as follows:

---

[1] Capitalized terms that appear in both this Order and the Settlement Agreement shall have the meaning defined in the Settlement Agreement.

2

1. The Court has jurisdiction over the subject matter of this action, all members of the Class, and Defendant pursuant to 29 U.S.C. § 1132(e).

2. In accordance with Federal Rule of Civil Procedure 23 and the requirements of due process, the Stipulated Settlement Classes have been given proper and adequate notice of the Settlement, the Fairness Hearing, and such notice was carried out in accordance with the Preliminary Approval Order.

3. Prior to the final settlement approval hearing, a declaration was filed with the Court by the Settlement Administrator, The Garden City Group, confirming that Notice was given in accordance with the terms of the Court's previous Order preliminarily approving the Settlement.

4. No members of the Stipulated Settlement Classes objected to any part of the Settlement, including its substantive terms, the requests for fees and expenses or any other matter therein contained. Given the size of this Settlement, and the notice procedure utilized, this Court finds the lack of any material objections to be indicative of the fairness, reasonableness and adequacy of the Settlement, and, accordingly, all members of the Stipulated Settlement Classes are deemed to have waived any such objection by appeal, collateral attack, or otherwise.

5. Five individuals have sought to opt themselves out of the Settlement. They are Tosha Arness Engstrom, Karen Hull, Jennifer Mitosinka, Janice M. Robinson, and Karen Smith, and, accordingly, these individuals will not be bound by the terms of the Settlement or the Judgment in this case.

6. The Notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval order (a) were appropriate and reasonable and constituted due, adequate, sufficient notice to all persons entitled to notice; and (b) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law.

7. The Settlement Claims Administrator has received Claim Forms postmarked after the January 3, 2013 deadline for submission of timely Claim Forms. For good cause shown and by agreement of the parties, the Court grants leave to give effect to all the late Claim Forms received by the Settlement Claims Administrator up to and including the date of the Final Approval Hearing, which was held on March 25, 2013.

8. The Settlement was negotiated with the assistance of an experienced mediator at arm's-length by experienced counsel who were fully informed of the facts and circumstances of the action and of the strengths and weaknesses of their respective positions. The Settlement was reached after the parties had completed extensive discovery and investigation, conducted legal research and written discovery, deposed representative Plaintiff, opt-ins, and 30(b)(6) representatives of Defendant, and reviewed hundreds of thousands of documents produced by the parties. Plaintiff's and Defendant's Counsel are therefore well positioned to evaluate the benefits of the Settlement, taking into account the expense, risk, and uncertainty of protracted litigation over numerous questions of fact and law.

9. On the basis of all of the issues in this litigation, and the provisions of the Settlement Agreement, the Court is of the opinion that the Settlement is a fair, reasonable and adequate compromise of the

4

claims against the Defendant in this case, pursuant to Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b). There are a number of factors which the Court has considered in affirming this Settlement, including:

    a. The liability issues in this case have been contested.

    b. This Settlement has the benefit of providing relief to the members of the Settlement Classes now, without further litigation, under circumstances where the liability issues are still vigorously contested among the parties to this litigation. This Settlement provides the members of the Settlement Classes with a substantial monetary benefit.

    c. This Settlement is clearly a byproduct of hard-fought negotiation between the parties, and not a result of any collusion on the part of Class Counsel or counsel for the Defendant.

    10. The Court certifies the following Classes for purposes of this Settlement only:

    (a) *Collective Action Class*: Pursuant to 216(b), this class includes all clinical associates who are or were employed by Gentiva either in California or at Gentiva's branch locations in Hickory, North Carolina (Branch Nos. 2447 and 947); Fort Walton Beach, Florida (Branch Nos. 2100 and 2101); Troy, Alabama (Branch No. 2431) and Newnan, Georgia (Branch Nos. 2659 and 2555) and paid pursuant to Gentiva's Pay Per Visit Program for work performed at any time between June 11, 2007 through the Date of Preliminary Approval and who timely returned a Claim Form pursuant to the terms of the Settlement Agreement and this Order, but not including any of the *Rindfleisch* Plaintiffs.[2]

---

[2] "*Rindfleisch* Plaintiffs" refers to the named plaintiffs and any individuals who have opted-in (and not withdrawn) as plaintiffs to the case of Lisa Rindfleisch, et al. v. Gentiva Health Services,

(continued...)

(b) *Rule 23 Class*: Pursuant to Federal Rule of Civil Procedure 23, this class includes all clinical associates who are or were employed by Gentiva in California and paid pursuant to Gentiva's Pay Per Visit Program for work performed at any time between June 11, 2006 through the Date of Preliminary Approval and who did not return a timely Opt-out Statement pursuant to the terms of the Settlement Agreement, but not including any of the *Rindfleisch* Plaintiffs.

11. The Court finds that, for the purpose of this Settlement, the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and that a class action is an appropriate method for resolving the disputes in this litigation. All the prerequisites for class certification under Rule 23 are present. The Rule 23 Class Members are ascertainable and too numerous to be joined. Questions of law and fact common to all the Rule 23 Class Members for settlement purposes predominate over individual issues and should be determined in one proceeding with respect to all of the Rule 23 Class Members. The Settlement Class Representatives' claims are typical of those of the Settlement Classes for settlement purposes. The Settlement Class Representatives and Class Counsel meet the adequacy requirements of Fed. R. Civ. P. 23(a)(4). For settlement purposes, the class action mechanism is superior to alternative means for adjudicating and resolving this action.

12. The Court further finds that, for Settlement purposes, the requirements of 29 U.S.C. § 216(b) are met for a collective action and the Court certifies the Collective Action Class defined above for final

---

(...continued)
Inc., Case No. 1:10-CV-03288-SJC, pending in the United States District Court for the Northern District of Georgia.

settlement purposes. The Court finds that for settlement purposes the Collective Action Class Members are similarly situated as that term is defined in the Fair Labor Standards Act and that a collective action mechanism is superior to alternative means for adjudicating and resolving this action.

13. The certification of the Settlement Classes is for settlement purposes only and shall not constitute, nor be construed as, an admission on the part of Gentiva that this Action, or any other proposed or certified class action is appropriate for class treatment pursuant to Federal Rule of Civil Procedure 23, 29 U.S.C. § 216(b), or any other similar class action statute or rule.

14. The Notice sent by the Settlement Claims Administrator to the Stipulated Class Members set forth Class Counsel's proposed application for reasonable attorneys' fees and expenses consistent with the terms of the Settlement Agreement and this Court's Order preliminarily approving the Settlement. No objections were received to the application. Class Counsel is hereby awarded attorneys' fees in the amount of 25% of the Total Settlement Amount amounting to $1,250,000, which the Court finds to be fair and reasonable, and $42,047 in reimbursement of reasonable expenses incurred in prosecuting the action. The attorneys' fees and expenses so awarded shall be paid from the Total Settlement Amount pursuant to the terms of the Settlement Agreement. All fees and expenses paid to Class Counsel shall be paid pursuant to the timing requirements described in the Settlement Agreement.

15. The Notice sent by the Settlement Claims Administrator to the Stipulated Class Members set forth Class Counsel's proposed application for an award of $5,000 to the Representative Plaintiff Catherine Wilkie. No objections were received to this application. Ms.

Wilkie is hereby awarded $5,000. The Court finds that this award is reasonable for the services provided by the Representative Plaintiff to the Classes and hereby directs payment to the Representative Plaintiff of $5,000 out of the Total Settlement Amount, pursuant to the terms of the parties' Settlement Agreement.

16. The Court finds that the request for payment of the incurred and anticipated costs of the Settlement Claims Administrator, The Garden City Group, estimated to be approximately $128,400, are reasonable and are approved. All costs incurred by the Settlement Claims Administrator shall be paid from the Total Settlement Amount pursuant to the terms of the Settlement Agreement.

17. All members of the Settlement Classes, except the individuals designated in paragraph 5, above, shall be bound by all of the terms, conditions and obligations of the Settlement Agreement, and all determinations and judgments in the Action concerning the Settlement.

18. Neither the Settlement, nor any of its terms of provisions, nor any of the negotiations or proceeding connected with it, shall be construed as an admission or concession by any party of the truth of any allegation in the Action or of any liability, fault, or wrongdoing of any kind.

19. All claims asserted in this Action are dismissed with prejudice and without costs, without further order of the Court, pursuant to the terms of the Settlement Agreement, but the Court shall retain exclusive and continuing jurisdiction of the Action, all Parties, and Settlement Classes' members, to interpret and enforce the terms, conditions and obligations of the Settlement Agreement.

20. At the conclusion of the disbursement of the net settlement fund, the parties shall provide a final accounting of the disbursement to the Court, and shall make a proposal for the disbursement of any remaining funds to a *cy pres* beneficiary subject to the Court's review and approval. Upon entry of the order regarding the *cy pres* distribution, the Action shall be finally dismissed with prejudice.

21. A status conference is scheduled to commence at 9:00 a.m. on March 3, 2014. A joint status report shall be filed fourteen (14) days prior to the status conference, in which the parties are only required to address paragraph 20 of this Order.

Dated:  March 25, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge